IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:21-cr-8 |
| WALLACE STEVEN ANDERSON, | |
| Defendant. | |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

WHEREAS, on September 9, 2021, a Grand Jury sitting in the Southern District of Georgia, returned a Fifty-Two Count Indictment against Defendant Wallace Steven Anderson (hereinafter, the "Defendant"), charging violations of 21 U.S.C § 846 (Count One – Conspiracy), 21 U.S.C. § 841(a)(1) (Count Two – Distribution and Dispensation of Controlled Substances Resulting in Death (Hydrocodone and Alprazolam)), 21 U.S.C. § 841(a)(1) (Counts Three through Fifty – Unlawful Distribution and Dispensation of Controlled Substances), 18 U.S.C. § 1349 (Count Fifty-One – Conspiracy to Commit Health Care Fraud), and 18 U.S.C. § 1956(h) (Count Fifty-Two – Conspiracy to Launder Monetary Instruments);

WHEREAS, the Indictment included a forfeiture allegation giving notice to the Defendant that upon his conviction of one or more of the Title 21 offenses set forth in Counts One though Fifty, pursuant to 21 U.S.C. § 853, the United States shall forfeit all property constituting or derived from proceeds the Defendant obtained directly or indirectly as a result of said offense(s) and all property traceable to such property, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offense(s), and upon conviction of the Title 18 offenses set forth in Counts 51 and 52 of the Indictment, pursuant to 18 U.S.C. §

982(a)(8), the United States shall forfeit any property, real or personal, that constitutes or is derived directly or indirectly, from gross proceeds traceable to the commission of the offense(s);

WHEREAS, on June 30, 2022, pursuant to a written Plea Agreement, the Defendant agreed to plead guilty to the lesser-included offense charged in Count One of the Indictment, specifically Conspiracy to Unlawfully Distribute and Dispense Schedule IV controlled substances, in violation of 21 U.S.C. § 846; and

WHEREAS, pursuant to his plea agreement, the Defendant agreed to forfeit his interest in $200,615.73, which is represented by:

- $1,565.02 from Douglas National Bank, Acct. #1133263, VL: $13,498.43
- Raymond James, Acct. #27976718, VL: $47,098.33
- Raymond James, Investment Acct. #160R3631, VL: $89,376.38
- $1,849.00 U.S. Currency
- $58,917.00 U.S. Currency
- $890.00 U.S. Currency
- $920.00 U.S. Currency

Additionally, the Defendant agreed to forfeiture his interest in the following personal property:

- 14kt-24kt Yellow Gold Combination Cast & Die Struck Panther Pendant
- 2008 Land Rover Range Rover HSE
- 2010 Chevrolet Silverado K1500
- 2005 Ferrari 360 Spider
- 2016 Mercedes-Benz GL450
- Beretta USA Corp 92FS 9mm Pistol

- Baikal IZH43E-1C .28 Gauge Shotgun
- Alamo-Ranger .38 Caliber Revolver
- Alamo-Ranger .38 Caliber Revolver
- J.P. Sauer & Sohn Suhl Rifle
- Charles Osborne Double Barrel Shotgun
- Antique Double Barrel Shotgun
- Mortimer Antique Black Powder Rifle
- Winchester .33WCF Caliber Rifle
- Parker Brothers Shotgun
- Herbert Schmidt HS21 .22 Caliber Revolver
- Colt Buntline Scout .22 Caliber Revolver
- Ithaca Gun Co. Shotgun
- T. Barker Shotgun
- Lefever Nitro Special ZZ Caliber Shotgun
- Ruger Single Six .22 Caliber Revolver
- Walther Model 8 .25 ACP Caliber Handgun
- High Standard Double 9 .22 Caliber Revolver
- AU-DA Errevolverikan Revolver
- AU-DA Egitandana Revolver
- U.S. Arms Double Barrel Shotgun
- Intratec Tec-DC9 9mm Handgun w/Magazine and Ammunition
- Smith & Wesson 29 .44 Caliber Revolver
- Colt 1911 .45 Caliber Handgun loaded w/Magazine and Ammunition

- Smith & Wesson 648 .22 Caliber Revolver
- Colt Python .357 Caliber Revolver
- Colt King Cobra .357 Caliber Revolver
- Browning Citori 12 Gauge Shotgun
- Hunter Arms LC Smith Double Barrel Shotgun
- Springfield Armory XDs 9mm Handgun loaded w/Magazine and Ammunition
- Smith & Wesson .32 Caliber Revolver
- AU-DA Errevolverikan Fuertien Revolver
- Remington 1100 .12 Gauge Shotgun
- Browning Citori .28 Gauge Shotgun
- Browning Classic Shotgun
- Winchester 61 .22 Caliber Rifle
- Winchester 61 .22 Caliber Rifle
- Browning .22 Caliber Rifle
- Marlin .32-HPS Caliber Rifle
- Central Arms Double Barrel Shotgun
- Winchester 94 30-30 Caliber Rifle
- Remington 514 .22 Caliber Rifle
- Lefever Arms Nitro Special Shotgun
- Colt Sporter .223 Caliber Rifle w/ATN x-Sight HD Scope
- Ruger M77 Mark II .223 Caliber Revolver w/Nikon Bushmasters 3-9x Scope
- Fashee Flint Lock Style Black Powder Pistol
- Remington 11 .20 Gauge Shotgun

- Remington 700 6.5 Creedmore Rifle w/Conquest 3.5-10x50 Scope
- Ruger 10/22 .22 Caliber Rifle
- Browning Bar II 7mm Rifle w/Monstrum 6-24x50 Scope and Magazine
- Savage Arms Axis 6.5 Creedmore Rifle w/Bushnell Banker 3-9x40 Scope
- Mossberg .410 Caliber Shotgun
- Mossberg .243 Caliber Rifle w/Dead Ringer 3-9x40 Scope
- Charter Arms Sante Fe Sky .38 Special Revolver
- Special Weapons Inc. 9mm Rifle w/Eotech Opmod Scope and M6x Tactical Laser Illuminator
- Remington 700 .270 Caliber Rifle
- Tactical Innovations .223/.556 Rifle w/Monstrum 4-14x44 Scope and Bipod
- Winchester 12 .16 Gauge Shotgun
- Walther PPQ .22 Caliber Handgun Suppressed w/Homemade Silencer
- Queen City .12 Gauge Shotgun
- Remington 700 7mm Rifle w/Vortex 6-24x50 Scope and Bipod
- Winchester 12 .12 Gauge Shotgun
- Winchester 12 .12 Gauge Shotgun
- Winchester 12 .12 Gauge Shotgun
- Winchester .12 Gauge Shotgun
- Mossberg .20 Gauge Shotgun
- SKS 7.62 Caliber Rifle
- Weatherby Vanguard Rifle w/Leopold VARI-X llc 4-12x Scope

(Collectively, the "Subject Property").

Now, therefore, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      Pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus to the Subject Property.

2.      Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3.      Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5.      Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

6.      If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be

conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7.  The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

8.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED**, this 3rd day of November, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA